UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIA LLEWELLYN TONEY

CIVIL ACTION

VERSUS

NUMBER 12-638-JJB-SCR

KNAUF GIPS KG, ET AL

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, October 25, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JULIA LLEWELLYN TONEY

VERSUS

KNAUF GIPS KG, ET AL

CIVIL ACTION

NUMBER 12-638-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Julia Llewellyn Toney filed a Complaint against nine defendants: Knauf Gips KG, Knauf Plasterboard Tianjin Co., Ltd., Taishan Gypsum Co. Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., USG Corporation, L&W Supply Corporation d/b/a Seacoast Supply, Interior Exterior Building Supply, Independent Builders Supply Association, Inc., Rothchilt International Limited and Jordan Traditions, L.L.C.

A review of the entire Complaint did not disclose a basis for subject matter jurisdiction.  Noticeably, a specific allegation stating the basis for federal jurisdiction is absent from the paragraphs in the Complaint under the heading "JURISDICTION AND VENUE."[1]  Plaintiff failed to include any specific statement or allegation that subject matter jurisdiction is based on diversity of citizenship or federal question, or any other allegation asserting a claim within the subject matter jurisdiction of the federal courts.  Therefore the plaintiff was ordered to file an

---

[1] Record document number 1, ¶¶ 3 and 4.

amended complaint which properly alleges the basis for federal court jurisdiction.[2]

In response to the Order, the plaintiff filed a First Amending Complaint in which she alleged that jurisdiction is based on 28 U.S.C. § 1332(a), diversity of citizenship.  When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[3]  A review of the Complaint and the First Amending Complaint shows that the plaintiff has failed to sufficiently allege a basis for diversity jurisdiction.

First, the plaintiff did not allege her own citizenship. She alleged in the Complaint that she is the "owner of a home in the State of Louisiana" and she is a "resident of the Middle District of Louisiana, Louisiana."  Neither allegation is an allegation of citizenship.  Ownership of a home does not necessarily equate to being a citizen of the state where the home is located.  Similarly, being a resident of a state is does not necessarily mean that the person is a citizen of the state.  Nonetheless, for the purpose of this report, the court will assume the plaintiff is a citizen of

---

[2] Record document number 2. The Order described specific deficiencies which needed to be addressed, and noted that failure to do so may result in dismissal of the Complaint for lack of subject matter jurisdiction.

[3] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

Louisiana.

Two defendants appear to also be Louisiana citizens. In the First Amending Complaint the plaintiff alleged that defendant Exterior Building Supply "is an entity or individual with a principal place of business at 727 S. Cortez, New Orleans, LA" and "is organized under the laws of Louisiana." If the defendant is an individual, this allegation fairly implies that he/she is a Louisiana citizen. The original Complaint alleged that this defendant is a Louisiana partnership.[4] However, the First Amending Complaint does not repeat this allegation. Rather, the First Amending Complaint does not indicate how the defendant is organized. If the defendant is a corporation, there is still no complete diversity of citizenship because its principal place of business is in Louisiana. Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. But if it is a limited liability company or a partnership, the amended complaint utterly fails to properly allege its citizenship. For purposes of diversity, the citizenship of a limited liability company or a partnership is determined by considering the citizenship of all its members or partners.[5] The state where a

---

[4] Record document number 1, ¶ 14.

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110
(continued...)

limited liability company or limited partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.  Thus, to properly allege the citizenship of a limited liability company or limited partnership, the party asserting jurisdiction must identify each of the entity's members or partners and the citizenship of each one in accordance with the requirements of § 1332(a) and (c).[6]

The First Amending Complaint alleges that defendant Jordan Traditions, L.L.C. "is an entity or individual with a principal place of business at 9614 Brookline Avenue, Suite A, Baton Rouge, LA" and "is organized under the laws of Louisiana."  The original Complaint alleged that this defendant is a limited liability company.[7]  Again, if the defendant is an individual, this allegation fairly implies that he/she is a Louisiana citizen.  Again, if the defendant is a corporation, there is still no complete diversity of citizenship because its principal place of business is in Louisiana.  And yet again, if the defendant is a

---

[5](...continued)
S.Ct. 1015, 1021 (1990).

[6] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[7] Record document number 1, ¶ 18.

limited liability company - as the use of the "L.L.C." designation usually indicates - the amended complaint utterly fails to properly allege its citizenship.

Plaintiff has failed to allege sufficient facts which, taken as true, show the court has subject matter jurisdiction under § 1332(a) since there is not complete diversity of citizenship between the plaintiff and all of the defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Complaint, as amended, be dismissed for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, October 25, 2012.

```
                                    /s/ Stephen C. Riedlinger
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE
```